IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  CHRISTOPHER S. MOYER
                Debtor      :      BANKRUPTCY NO. 23-12041-

_____

CDW, LLC      :
              Movant      :

- VS -      :      11 U.S.C. §362

CHRISTOPHER S. MOYER      :      Hearing Date:  09/19/2023

              Respondent      :

**MOTION OF CDW, LLC FOR ADEQUATE PROTECTION OR, IN THE ALTERNATIVE, FOR RELIEF FROM AUTOMATIC STAY UNDER §362 PURSUANT TO BANKRUPTCY PROCEDURE RULE 4001**

Movant, CDW, LLC ("CDW, LLC"), a secured creditor in the above-captioned bankruptcy case, by and through its attorneys, Eastburn and Gray, P.C., hereby moves for the entry of an Order (i) granting CDW, LLC adequate protection with respect to CDW, LLC's interest in 8872 Easton Road, Ottsville, PA 18942 (the "Property") within the meaning of 11 U.S.C. §§361, 362(d) and 363 or, in the alternative, (ii) granting CDW, LLC relief from the automatic stay pursuant to 11 U.S.C. §362(d), as to the Property (the "Motion") and, in support thereof, respectfully avers as follows:

A.  **JURISDICTION AND VENUE**

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. This motion is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(G).

2. Venue of this Motion is proper pursuant to 28 U.S.C. § 1409.

3. The statutory predicate for the requested relief is 11 U.S.C. §§ 361, 362(d), and 363.

4. Notice of this Motion has been given to Debtors' counsel, the Chapter 13 Trustee, the United States Trustee, and all creditors identified in the Creditor Matrix.

**B. <u>PROCEDURAL AND FACTUAL BACKGROUND</u>**

5. On July 11, 2023 (the <u>"Petition Date")</u>, Christopher S. Moyer (the <u>"Debtor")</u> filed a petition under Chapter 13 of Title 11 of the United States Code (the <u>"Bankruptcy Code")</u> in the United States Bankruptcy Court for the Eastern District of Pennsylvania (this <u>"Court"),</u> thereby commencing the above-captioned bankruptcy case.

6. Debtor and his wife own 8872 Easton Road, Ottsville, PA 18942 ("Property") (Dkt. 1).

7. Debtor has not valued the Property. (See Order of July 11, 2023). Debtor has not filed Schedules A and B as required by the Order of July 15, 2023.

8. Debtor has not paid his monthly mortgage obligations to St. Luke's United Church of Christ Ottsville and/or Movant since filing the Petition.

9. On March 15, 2023, St. Lukes United Church of Christ Ottsville ("St. Lukes") entered judgment against Debtor and his wife in the civil action captioned St. Lukes v. Christopher S. Moyer, Bucks County Civil Action No. 23-00108.

10. St. Lukes assigned its interest as a secured creditor to CDW, LLC.

11. On July 13, 2023, a Mortgage Assignment in favor of CDW, LLC was recorded with the Bucks County Recorder of Deeds.

12. Debtor's proposed plan of reorganization at ¶4(a) states " Property was damaged by a fire on July 5, 2023. The dwelling is a compete loss. The property is no (sic) insured."

13. As alleged in the Civil Action, filed on January 11, 2023, the fire occurred on July 9, 2022 and not on July 5, 2023 as alleged by Debtor in his proposed plan.

14. Debtor concedes that the dwelling has been leveled, that he does not have insurance and that he lives at 133 A South Main Street, Richlandtown, PA 18955.

15. Debtor does not have any equity in the Property.

16. The Property is not essential to Debtor's Plan of Reorganization.

17. Movant has incurred legal fees in its attempt to induce Debtor to comply with the proposed Plan.

18. Movant wishes to exercise its rights under the Security Agreements, including taking possession of and selling the Property.

19. Movant has cause to have the Automatic Stay terminated as to permit Movant to exercise its rights under the Security Agreement.

20. Movant specifically requests permission from this Honorable Court to communicate with the Debtors and Debtors' counsel to the extent necessary to comply with the applicable non-bankruptcy law.

C. **ARGUMENT**

**(I) CDW, LLC Is Entitled To Adequate Protection in Form of Periodic Cash Payments**

21. As a secured creditor, Movant is entitled to adequate protection for the depreciation resulting to the Property from the imposition of the automatic stay and the Debtors' use of the Property. Section 363 of the Bankruptcy Code provides that an entity's interest in property must be adequately protected when such property is used, sold or leased by the trustee or the debtor-in-possession. See 11 U.S.C. § 363(e). Examples of what constitutes "adequate protection" are set

forth in Section 361 of the Bankruptcy Code and include, among other things, periodic cash payments. See 11 U.S.C. § 361.

22. As stated above, the Debtors have failed to provide any adequate protection for Movant's interest in the Property.

23. This Court should direct this Debtors to provide adequate protection payments to Movant in monthly amounts equal to the monthly payments of principal and interest at the default rate provided for in the loan documents <u>plus</u> such additional amounts as shall be determined necessary and appropriate to further protect Movant for the diminution of its interest in the Property occurring as a result of the Debtors' continued possession of the Property.

24. In the alternative, given the extremely low likelihood, if any, that the Debtors will have the financial wherewithal to make adequate protection payments to Movant, it may be more appropriate to grant Movant relief from the automatic stay for the reasons set forth below.

**(II) CDW, LLC Is Entitled To Relief From The Automatic Stay In This Case**

25. Section 362(d) of the Bankruptcy Code provides, in relevant part, that "on request of the party-in-interest and after notice and a hearing, the Court shall grant relief from the stay" if one of the enumerated factors is satisfied:

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section if:

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization

11 U.S.C. § 362(d).

26. Movant believes and, therefore, avers that ample cause exists to lift the automatic stay and allow Movant to enforce its rights and remedies against and with respect to its liens in the Property.

27. Here, cause exists to lift the automatic stay under Section 363(d)(1) of the Bankruptcy Code, since Movant's interest in the Property is not adequately protected.

28. It is well established that a secured creditor lacks adequate protection where the evidence demonstrates the Debtors' failure to make payments to the creditor coupled with a lack of an equity cushion in the collateral. In fact, where such factors are present, the secured creditor is entitled to relief from the automatic stay. *See In re Hinchliffe,* 164 B.R. at 51-52 (finding that relief from automatic stay was appropriate under 11 U.S.C.S. § 362(d)(1) and § 362(d)(2) given Debtors' lack of payments to creditors and inability to provide adequate protection for creditor's interest coupled with Debtors' lack of equity in the Property subject to the automatic stay and lack of a stream of income sufficient to fund the Chapter 11 plan); *In re Caulk,* 9 B.R. at 244 (Bankr. E.D. Pa. 1981) ("Had the debtor presented evidence as to the alleged equity cushion, and continued making the required mortgage payments, rather than merely offering to do so, or presented some evidence indicating an intention to make up the arrearages, the result today may have been different. In the absence of such additional factors, we conclude that Fidelity is not adequately protected.")

29. Further, cause to lift the automatic stay exists under Section 363(d)(2) of the Bankruptcy Code.

30. Based on the foregoing, Movant, its successors and assignees, posits that due to Debtors continuing failure to tender post-petition mortgage payments and the resulting and ever increasing lack of adequate protection that said failure presents, sufficient grounds exist for waiver

of Rule 4001(a)(3), and that Movant, its successor or assignee's should be allowed to immediately enforce and implement the Order granting relief from the automatic stay.

WHEREFORE, CDW, LLC respectfully requests that this Court enter an Order:

a. granting Movant adequate protection with respect to Movant's interest in the Property within the meaning of 11 U.S.C. § 361, 362(d), and 363 in the form of monthly cash payments, or, in the alternative

b. modifying the Automatic Stay under Section 362 with respect to the Property as to allow Movant, its successors and assignees, to proceed with its rights under the terms of said Security Agreement, by taking possession of and selling the Property; and

c. granting permission from the Honorable Court to communicate with the Debtors and Debtors' counsel to the extent necessary to comply with applicable non-bankruptcy law; and

d. holding that due to Debtors' continuing failure to tender post-petition loan payments and the resulting and ever increasing lack of adequate protection that said failure presents, sufficient grounds exist for waiver of Rule 4001(a)(3), and that Movant, its successors or assignees, should be allowed to immediately enforce and implement the Order granting relief from the automatic stay; and

e. granting any other relief that this Court deems equitable and just.

EASTBURN AND GRAY, P.C.

By: */s/ David L. Marshall*
David L. Marshall, Esquire
Attorney for CDW, LLC
60 East Court Street
P. O. Box 1389

Doylestown, PA  18901-0137
(215)345-7000
(215)345-9142

Date:  August 31, 2023

w:\dlm\dlm files\moyer, christopher\motion of hvb for adequate protection and relief from auto stay 12-12-2016.docx7